# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 50097 | **DATE** | 6/22/2011 |
| **CASE TITLE** | Powers vs. Chandler, et al. | | |

**DOCKET ENTRY TEXT:**

For the reasons stated below, the court grants Dr. Carter's motion to strike, grants the motion for summary judgment, and dismisses the claim against Dr. Carter with prejudice.

*Philip G. Reinhard*

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT - OPINION

Plaintiff, Thomas Powers, a state prisoner housed at Dixon Correctional Center, filed an action pursuant to 42 U.S.C. § 1983 against several defendants, including Dr. Imhotep Carter. The claim against Dr. Carter is based on his alleged deliberate indifference to plaintiff's need for a hip replacement. Dr. Carter has moved for summary judgment on the basis that plaintiff failed to exhaust his administrative remedies as required by 42 U.S.C. 1997e(a). Plaintiff filed a response to the summary judgment motion. Dr. Carter, in turn, filed a reply that also seeks to have certain facts deemed admitted and to strike plaintiff's response and its supporting materials for failure to comply with Local Rule 56.1

Summary judgment is appropriate only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Sallenger v. City of Springfield, Il, 630 F. 3d 499, 503 (7th Cir. 2010). At this stage of the proceedings, the court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. McCann v. Iroquois Memorial Hospital, 622 F. 3d 745, 752 (7th Cir. 2010).

The Prison Litigation Reform Act (PLRA) provides that no action shall be brought under § 1983 with respect to prison conditions until all applicable administrative remedies are exhausted. Dole v. Chandler, 438 F. 3d 804, 808 (7th Cir. 2006), citing 42 U.S.C. § 1997e(a). The sole objective of § 1997e(a) is to permit the prison's administrative process to run its course before litigation begins. Dole, 438 F. 3d at 809. So long as the administrative authority has the ability to take some corrective action in response to the grievance or complaint, an administrative remedy is still available under the PLRA. Dole, 438 F. 3d at 809. Strict compliance is required and if a prisoner fails to properly use the grievance process and if his failing to do so results in the administrative authority refusing to hear the case, then his claim is indefinitely unexhausted. Dole, 438 F. 3d at 809.

In the present case, Dr. Carter has submitted evidence showing that plaintiff failed to exhaust his administrative remedies as to his claim against Dr. Carter. Dr. Carter submitted an affidavit from Brian Fairchild, the chairperson for the Office of Inmate Issues for the Illinois Department of Corrections (DOC),

| STATEMENT - OPINION |
|---|

which details the administrative review process for a prisoner's grievance. Following this procedure, a prisoner must ultimately bring his grievance before the Administrative Review Board (ARB) and then the Director of the DOC or his designee who makes the final determination. According to Fairchild, plaintiff never submitted an appeal of the denial of his grievance pertaining to his current claim against Dr. Carter to the ARB. The failure to do so would ordinarily constitute a failure to exhaust administrative remedies and bar consideration of the claim in this action.

However, in response to the motion for summary judgment, plaintiff states that he "filed a grievance against [Dr. Carter] on August 10, 2010." Additionally, plaintiff submitted a copy of the grievance and an affidavit in which he avers simply that he "filed a grievance on Dr. Carter."

Dr. Carter seeks to strike the affidavit and copy of the grievance because plaintiff failed to comply with the requirements of Local Rule 56.1 as it pertains to a response to a statement of facts and the submission of additional facts. The court grants the motion to strike as plaintiff has not complied with the strict requirements of LR 56.1. See Cichon v. Exelon Generation Co., 401 F. 3d 803, 809 (7th Cir. 2005) (Court may ignore additional facts when litigant fails to comply with LR 56.1).

Even if the court were to consider the evidence submitted by plaintiff, it would still find lack of exhaustion. In his reply, Dr. Carter submitted an additional affidavit of Fairchild which sets forth the history of plaintiff's grievance. According to Fairchild, the Chief Administrative Officer affirmed the denial of plaintiff's grievance on September 9, 2010. On March 29, 2011, Fairchild returned plaintiff's grievance to him because it was not submitted for review by the ARB in a timely manner. According to Fairchild, any appeal to the ARB upon the denial of the Chief Administrative Officer was due on October 9, 2010, and that plaintiff submitted his appeal five months too late.

These additional facts, which have not been disputed by plaintiff, show that while plaintiff did file a grievance regarding Dr. Carter, he never exhausted the grievance process because he failed to timely file an appeal to the ARB. Thus, he is barred from bringing the claim in this litigation. Accordingly, the court grants the motion for summary judgment in favor of Dr. Carter.[1]

For the foregoing reasons, the court grants Dr. Carter's motion to strike, grants the motion for summary judgment, and dismisses the claim against Dr. Carter with prejudice.

---

1. The dismissal of this claim is with prejudice as plaintiff is unable to fully exhaust his administrative remedies related to this claim because he failed to comply with the regulation requiring him to file his appeal to the ARB in a timely fashion.