# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 10 C 50097 | DATE | 11/21/2011 |
| CASE TITLE | Powers vs. Chandler, et al. | | |

**DOCKET ENTRY TEXT:**

For the reasons stated below, the court grants Dr. Carter's Rule 54(b) motion as to Count I.

*Philip G. Reinhard*

■ [ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT - OPINION

Defendant, Dr. Imhotep Carter, filed a motion pursuant to Fed. R. Civ. P. 54(b), seeking entry of an order making this court's order of June 22, 2011, granting summary judgment in favor of Dr. Carter final and appealable. Plaintiff has not filed any response to the motion.

A proper Rule 54(b) motion requires the court to determine: (1) that the order in question was actually a final judgment; and (2) that there is no just reason to delay the appeal of the claim that was finally decided. General Ins. Co. of America v. Clark Mall Corp., 644 F. 3d 375, 379 (7th Cir. 2011). To be final and appealable under Rule 54(b), a judgment must be final in the sense that it is an ultimate disposition of an individual claim entered in the course of a multiple claims action. General Ins. Co. of America, 644 F. 3d at 379. Determining whether a judgment is properly appealable under Rule 54(b) involves comparing the issues at stake in the appealed claims and those remaining in the district court. General Ins. Co. of America, 644 F. 3d at 379. Rule 54(b) appeals are generally limited to situations where one of multiple claims is fully adjudicated so that the Court of Appeals need not keep relearning the facts of a case on successive appeals. General Ins. Co. of America, 644 F. 3d at 379.

In this case, the claim in Count II against Dr. Carter was based on an alleged deliberate indifference to plaintiff's need for a hip replacement. On June 22, 2011, the court entered summary judgment as to that claim. Therefore, it is a final claim.

Further, there is no just reason to delay appeal when the claim in Count II is compared to the remaining claims in the case. The claim against Chandler in Count III is based on retaliation unrelated to plaintiff's deliberate indifference claim in Count II.[1] Therefore, the claim against Dr. Carter in Count II is a separate and discreet claim that can be disposed of on appeal and would not result in the Court of Appeals having to revisit the same facts and law should the claim against Chandler ever be appealed.

Having said that, there remains the claim in Count I against the "estate of Dr. Mesrobian." The estate was included in the third amended complaint after a suggestion of death was filed as to Dr. Mesrobian, the original named defendant in Count I. Plaintiff, who was represented by appointed counsel at the time, filed a

**STATEMENT - OPINION**

pro se motion to substitute the estate [dkt. # 17] which this court denied without prejudice to plaintiff's counsel filing such a motion under Fed. R. Civ. P. 25. See Minute Order dated June 22, 2011. The court further ordered that if counsel did not file such a motion within 30 days of the June 22, 2011, order then he must move to voluntarily dismiss the estate as a defendant. Plaintiff's counsel did neither and has since been granted leave to withdraw and been appointed as stand-by counsel. Plaintiff has not otherwise filed any further motion to substitute the estate as a proper party under Rule 25.

Rule 25 provides that if a party dies and the claim is not extinguished, the court may order substitution of the proper party. There is no basis to do so here as there has been no showing to the court that an estate for Dr. Mesrobian has ever been opened.[2]

Rule 25 further states that a motion for substitution may be made by any party. There is no such motion pending before the court. Additionally, even if the court were to reconsider the original pro se motion filed on June 17, 2010, and denied without prejudice, the court would not allow substitution under Rule 25 as there is no allegation in that motion or any other showing that an estate was ever opened for Dr. Mesrobian. Absent a showing that an estate exists, the court cannot substitute the estate under Rule 25. Accordingly, the court dismisses the estate of Dr. Mesrobian as having been improperly substituted as a defendant and also dismisses the claim in Count I.

Having dismissed the claim in Count I, there is no other just reason not to allow an appeal of the summary judgment order as to Dr. Carter. Therefore, the court grants the motion of Dr. Carter under Rule 54(b).

---

1. The claim in Count II is currently the subject of a pending motion for partial summary judgment by Chandler. Because the motion for partial summary judgment will not dispose of the entire claim against Chandler, should the court grant the motion it would not render the present motion under Rule 54(b) moot.

2. In fact, the brief in support of Dr. Carter's Rule 54(b) motion states that his counsel has been advised that no estate has been opened.