# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 50097 | **DATE** | 11/21/2011 |
| **CASE TITLE** | Powers vs. Chandler, et al. | | |

**DOCKET ENTRY TEXT:**

For the reasons stated below, the court grants Chandler's motion for partial summary judgment.

*Philip G. Reinhard*

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT - OPINION

Defendant, Nedra Chandler, the warden at Dixon Correctional Center, filed a motion for partial summary judgment as to Count III of the third amended complaint, the only count directed at her.[1] Chandler contends that she is entitled to partial summary judgment as to the claims of retaliation based on her having allegedly denied plaintiff the opportunity to participate in schooling, denied him good time credit, and denied him the right to present grievances. Plaintiff has not submitted any response.

In considering a motion for summary judgment, the court construes all facts and reasonable references in the light most favorable to the non-moving party. Arnett v. Webster, 658 F. 3d 742, 757 (7th Cir. 2011). Summary judgment is appropriate only if the moving party shows that there is no genuine dispute as to any material fact and that she is entitled to judgment as a matter of law. Arnett, 658 F. 3d at 757.

The Prison Litigation Reform Act, 42 U.S.C. §1997e(a), requires that prior to bringing an action under 42 U.S.C. § 1983 a prisoner must first exhaust all available administrative remedies. Maddox v. Lane, 655 F. 3d 709, 720 (7th Cir. 2011). The inmate must file a timely grievance utilizing the rules and the procedures of the state's prison grievance process. Maddox, 655 F. 3d at 720-21. Thus, a prisoner who fails to properly use the prison grievance process cannot bring his claim in Federal court. Maddox, 655 F. 3d at 721.

Here, Chandler has submitted the affidavit of Brian Fairchild, the chairperson of the Administrative Review Board (ARB) for the Illinois Department of Corrections. According to Fairchild, he conducted a thorough search of the ARB grievance records initiated by plaintiff. None of those grievances contained any complaints regarding the retaliation claims against Chandler in Count III of a denial of a right to participate in schooling, the denial of good time credit, or the denial of a right to present grievances. Plaintiff has offered no evidence to the contrary. Based on this undisputed evidence, the court grants Chandler's motion for partial summary judgment as to the claims in Count III pertaining to a retaliatory denial of the right to participate in schooling, denial of good time credit, and denial of the right to submit grievances.

For the foregoing reasons, the court grants the motion for leave to file a motion for partial summary judgment and also grants the motion for partial summary judgment.

---

1. Chandler also filed an accompanying motion for leave to file her motion for partial summary judgment. There is no objection thereto, and the court grants the motion for leave to file the motion for partial summary judgment.